**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Fred Stevens
Andrew C. Brown

*Counsel to Plaintiff Fred Stevens, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                                           :
                                                                :    Chapter 7
JOSEPH A. BROWN,                                                :
                                                                :    Case No. 20-36251 (CGM)
                                    Debtor.                     :
----------------------------------------------------------------x
FRED STEVENS, as Chapter 7 Trustee of the Estate                :
of Joseph A. Brown,                                             :
                                                                :
                                    Plaintiff,                  :
                                                                :    Adv. Pro. No. 22-_____
            -against-                                           :
                                                                :
WAYNE CORTS,                                                    :
                                                                :
                                    Defendant.                  :
----------------------------------------------------------------x

**TRUSTEE'S COMPLAINT SEEKING THE AVOIDANCE**
**AND RECOVERY OF A CERTAIN FRAUDULENT TRANSFER**

Fred Stevens, the Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the bankruptcy estate of Joseph A. Brown, the above-captioned debtor (the "Debtor"), by and through his counsel, Klestadt Winters Jureller Southard & Stevens, LLP, as and for his complaint (the "Complaint")[1] herein against Wayne Corts (the "Defendant") seeking (i) the avoidance and recovery of a

---

[1] Capitalized terms used but not immediately defined shall have the meanings assigned to them elsewhere in the Complaint.

fraudulent transfer pursuant to sections 544(b) and 550(a)(1) of Title 11 of the United States Code (the "Bankruptcy Code") and New York Debtor Creditor Law ("DCL") §§ 273, 274, 275, and 276, and (ii) the allowance of attorneys' fees and costs in connection with the avoidance of an actual fraudulent transfer pursuant to DCL § 276-a, upon information and belief, alleges as follows:

## PRELIMINARY STATEMENT

From 2005 to October 2018, the Debtor was the owner of a luxury yacht. The Yacht was encumbered by a first lien held by TD Bank in the total amount of over $200,000. In July 2018, the Debtor borrowed approximately $30,000 from HFCU and granted it a second lien on the Yacht behind TD Bank. At that time, TD Bank was actively seeking to get out of its position and was willing to accept a significant reduction to what it was owed if the Debtor could deliver a $95,000 cash payment. The Debtor did not have the financial ability to take advantage of the opportunity, so he brought it to the Defendant who he thought would have interest.

In October 2018, the Debtor effectively sold his interest in the Yacht to the Defendant for $110,000, with $95,000 going to TD Bank in satisfaction of its over $200,000 lien and $15,000 in cash going to the Debtor for facilitating the transaction. HFCU was given nothing on account of its junior lien and the loan that it had just made with the Yacht as collateral three months prior and was not even told about the transaction at the time. The Defendant subsequently sold the Yacht, in or around July 2020, for $200,000, approximately $90,000 (or 81%) more than what he had paid for it.

The Debtor's sale of the Yacht for $110,000 was constructively fraudulent to the Debtor's creditors because the Yacht was worth significantly more, as evidenced by the Defendant's subsequent sale. The transfer was made at a time when the Debtor was insolvent. In addition, the transfer was actually fraudulent to HFCU, which had just made a loan to the Debtor with the Yacht

2

as collateral, as well as other creditors of the Debtor which remain unpaid to this day. The Debtor orchestrated the fraudulent transaction to realize the $15,000 in cash paid by the Defendant, and the Defendant was a willing participant because he stood to, and ultimately did, profit significantly from the subsequent sale of the Yacht. Accordingly, the Trustee seeks the entry of a judgment avoiding the transfer of the Yacht as a fraudulent transfer and awarding the Trustee attorneys' fees and costs.

## INTRODUCTION

1. On December 29, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. On or about the Petition Date, Fred Stevens was appointed interim trustee of the Debtor's estate. On January 21, 2021, the Trustee presided over the first meeting of creditors in the Debtor's case pursuant to section 341(a) of the Bankruptcy Code, and the Trustee became the permanent Chapter 7 trustee herein by virtue of section 702(d) of the Bankruptcy Code.

## JURISDICTION

3. This adversary proceeding relates to the Chapter 7 bankruptcy case captioned *In re Joseph A. Brown*, Case No. 20-36251 (CGM), pending in the United States Bankruptcy Court for the Southern District of New York before the Honorable Cecelia G. Morris, United States Bankruptcy Judge (the "Bankruptcy Court").

4. The Bankruptcy Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. §§ 157(a) and (b) and 1334(b), and the "Amended Standing Order of Reference" of the United States District Court for the Southern District of New York (Preska, C.J.), dated January 31, 2012. The Court has jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

5. The Plaintiff consents to the entry of final orders or judgments by the Bankruptcy Court with respect to all matters and claims raised by this Complaint.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because this proceeding arises in a case under the Bankruptcy Code pending in this district.

**BASIS FOR RELIEF**

7. This adversary proceeding is brought pursuant to sections 544(b) and 550(a)(1) of the Bankruptcy Code and DCL §§ 273, 274, 275, 276, and 276-a.

**PARTIES**

8. The Plaintiff is a member of the panel of private trustees created and maintained by the United States Trustee for Region 2 pursuant to 28 U.S.C. § 586(a)(1). The Plaintiff is the Chapter 7 Trustee of the Debtor and his bankruptcy estate and is empowered to bring this action. The Plaintiff maintains offices at c/o Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036.

9. The Debtor is an individual residing at 144 Lucky Lake Drive, Rock Hill, New York 12775, according to the record of this proceeding.

10. Upon information and belief, the Defendant in an individual with a principal place of business at 206 Smith Clove Rd., #308, Central Valley, New York 10917.

**BACKGROUND**

11. In or around 2005, the Debtor purchased a 2005 Meridian Yacht 459 Cockpit Motor Yacht, ID Number MDNK2035K405 (the "Yacht"), from MarineMax in North Carolina for approximately $400,000.

12. Upon information and belief, to fund his purchase of the Yacht, the Debtor traded-in a previously owned boat and financed the balance of the purchase price with a loan (the "TD

4

Loan") from TD Bank, N.A. ("TD Bank").

13. TD Bank obtained a security interest in the Yacht to secure the Debtor's performance under this financing arrangement (the "TD Lien").

14. After purchasing the Yacht, the Debtor fell behind on the payments owed under the TD Loan.

15. In July 2018, the Debtor entered into a loan and security agreement with Heritage Financial Credit Union f/k/a Hudson Heritage Federal Credit Union (the "HFCU").

16. The Debtor borrowed $30,685 at a rate of 12.75% per annum from HFCU (the "HFCU Loan").

17. The Debtor further encumbered the Yacht to secure his performance under the HFCU Loan by granting a lien to HFCU (the "HFCU Lien").

18. The HFCU Lien was subordinate to the senior TD Lien.

19. Upon information and belief, the Debtor made his August 2018 and September 2018 payments required under the HFCU Loan but failed to make any additional payments.

20. Upon information and belief, in or around September of 2018, TD Bank was owed in excess of $200,000 on the TD Loan.

21. In or around September of 2018, TD Bank contacted the Debtor to confirm that it would accept a reduced amount in full and final settlement of the amounts owed under the TD Loan. The amount TD Bank was willing to accept was significantly less than the value of the Yacht.

22. TD Bank's offer to the Debtor provided the Debtor with an opportunity to make a reduced payoff

23. The Debtor did not have the funds necessary to make the reduced payoff required

5

of TD Bank

24. Contemporaneously with this communication from TD Bank, the Debtor contacted Defendant about purchasing the Yacht.

25. In or around October 3, 2018, the Debtor transferred his interest in the Yacht to Defendant for approximately $110,000 (the "2018 Yacht Sale").

26. Upon information and belief, the Debtor received $15,000 of the $110,000 sale price in cash, and the remaining $95,000 of the sale price was transferred to TD Bank in settlement of the TD Loan.

27. Upon information and belief, at no time was HFCU notified of the sale of Debtor's interest in the Yacht to Defendant.

28. On or around July 2020, Defendant sold his interest in the Yacht to Richard Pasiut for $200,000.

**FIRST CAUSE OF ACTION**
**Avoidance and Recovery of Conveyances by Insolvent –**
**11 U.S.C. §§ 544(b) and 550(a)(1), and DCL § 273**

29. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 28 of this Complaint as if fully set forth at length herein.

30. By virtue of the 2018 Yacht Sale, the Debtor's interest in the Yacht was transferred to the Defendant (the "Transfer").

31. The Transfer constituted a transfer of an interest of Debtor in property.

32. The Transfer was made within the six (6) year period preceding the Petition Date.

33. The Transfer was to or for the benefit of the Defendant, the initial transferee.

34. The Debtor did not receive fair consideration in exchange for the Transfer.

35. There are creditors that hold claims against the Debtor allowable under section 502

6

of the Bankruptcy Code, that were creditors at the time the Debtor made the Transfer, including but not limited to HFCU.

36. At the time of the Transfer, the Debtor was insolvent or was rendered insolvent as a result of such Transfer.

37. Based on the forgoing, the Plaintiff is entitled to an order and judgment against the Defendant avoiding the Transfer as constructively fraudulent and directing the Defendant to return the Transfer, or the value thereof, to the Plaintiff, together with prejudgment interest.

**SECOND CAUSE OF ACTION**
**Avoidance and Recovery of Conveyances by Person in Business –**
**11 U.S.C. §§ 544(b) and 550(a)(1), and DCL § 274**

38. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 37 of this Complaint as if fully set forth at length herein.

39. By virtue of the 2018 Yacht Sale, the Debtor's interest in the Yacht was transferred to the Defendant.

40. The Transfer constituted a transfer of an interest of the Debtor in property.

41. The Transfer was made within the six (6) year period preceding the Petition Date.

42. The Transfer was to or for the benefit of the Defendant, the initial transferee.

43. The Debtor did not receive fair consideration in exchange for the Transfer.

44. There are creditors that hold claims against the Debtor allowable under section 502 of the Bankruptcy Code, that were creditors at the time the Debtor made the Transfer, including but not limited to HFCU.

45. At the time of the Transfer, the Debtor was engaged or was about to engage in a business or transaction for which the property remaining in his hands after the Transfer was an unreasonably small capital.

7

46. Based on the on the forgoing, the Plaintiff is entitled to an order and judgment against the Defendant avoiding the Transfer as constructively fraudulent and directing Defendant to return the Transfer, or the value thereof, to the Plaintiff, together with prejudgment interest.

### THIRD CAUSE OF ACTION
**Avoidance and Recovery of Conveyances by Person About to Incur Debts –
11 U.S.C. §§ 544(b) and 550(a)(1), and DCL § 275**

47. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 46 of this Complaint as if fully set forth at length herein.

48. By virtue of the 2018 Yacht Sale, the Debtor's interest in the Yacht was transferred to the Defendant.

49. The Transfer constituted a transfer of an interest of the Debtor in property.

50. The Transfer was made within the six (6) year period preceding the Petition Date.

51. The Transfer was to or for the benefit of the Defendant, the initial transferee.

52. The Debtor did not receive fair consideration in exchange for the Transfer.

53. There are creditors that hold claims against the Debtor allowable under section 502 of the Bankruptcy Code, that were creditors at the time the Debtor made the Transfer, including but not limited to HFCU.

54. At the time the Transfer was made, the Debtor intended or believed that he would incur debts beyond his ability to pay as they matured.

55. Based on the on the forgoing, the Plaintiff is entitled to an order and judgment against the Defendant avoiding the Transfer as constructively fraudulent and directing the Defendant to return the Transfer, or the value thereof, to the Plaintiff, together with prejudgment interest.

**FOURTH CAUSE OF ACTION**
**Avoidance and Recovery of Actual Fraudulent Transfers –**
**11 U.S.C. §§ 544(b) and 550(a)(1), and DCL § 276**

56. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 55 of this Complaint as if fully set forth at length herein.

57. By virtue of the 2018 Yacht Sale, the Debtor's interest in the Yacht was transferred to the Defendant.

58. The Transfer constituted a transfer of an interest of the Debtor in property.

59. The Transfer was made within the six (6) year period preceding the Petition Date.

60. The Transfer was to or for the benefit of the Defendant, the initial transferee.

61. The Debtor did not receive fair consideration in exchange for the Transfer.

62. There are creditors that hold claims against the Debtor allowable under section 502 of the Bankruptcy Code, that were creditors at the time the Debtor made the Transfer, including but not limited to HFCU.

63. If the Debtor's interest in the Yacht had not been transferred to the Defendant, it would have been available to repay the Debtor's creditors.

64. The Debtor fully intended to deprive his creditors, including HFCU, of the benefits of his interest in the Yacht by transferring his interest to the Defendant and thereby precluding HFCU from enforcing its rights against the Debtor's property interests.

65. The Debtor transferred his interest in the Yacht to escape the reach of his creditors, including HFCU.

66. The Debtor did not inform HFCU of the sale of its collateral to the Defendant and concealed it from HFCU.

67. The Debtor transferred his interest in the Yacht to the Defendant because it allowed

9

him to receive $15,000 in cash which he had no other ability to realize.

68. The Transfer was made by the Debtor with actual intent to hinder, delay, and/or defraud the Debtor's existing creditors, and individuals and entities to which the Debtor would become obligated.

69. Based on the forgoing, the Plaintiff is entitled to an order and judgment against the Defendant avoiding the Transfer as actually fraudulent and directing the Defendant to return the Transfer, or the value thereof, to the Plaintiff, together with prejudgment interest.

### FIFTH CAUSE OF ACTION
### Attorneys' Fees for Avoidance of an Actual Fraudulent Transfer – 11 U.S.C. §§ 544(b) and 550(a)(1), and DCL § 276-a

70. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 69 of this Complaint as if fully set forth at length herein.

71. The Transfer is avoidable as an actual fraudulent conveyance made and received with actual intent to hinder, delay and/or defraud creditors of the Debtor.

72. The Defendant knew or should have known that by making the Transfer to him, the Debtor was avoiding paying legitimate creditors.

73. The Defendant knew or should have known that the Debtor was indebted to HFCU and that HFCU held the HFCU Lien against the Yacht at the time of transfer.

74. The Defendant knew or should have known that the Debtor was indebted to other parties and not paying his debts as they came due at the time of the Transfer.

75. Based upon the forgoing, Plaintiff is entitled to an order and judgment against Defendant for the full amount of reasonable attorneys' fees incurred by Plaintiff in connection with obtaining the order and judgment avoiding the Transfer as an actual fraudulent conveyance.

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

a) On the First, Second, Third, and Fourth Causes of Action, a judgment against Defendant avoiding the transfer of the Debtor's interest in the Yacht to Defendant as actually and constructively fraudulent, and granting the return of the property fraudulently transferred, or the value thereof, to Plaintiff, plus prejudgment interest; and

b) On the Fifth Cause of Action, a judgment against Defendant holding him liable for all attorneys' fees and costs incurred by Plaintiff in avoiding the actual fraudulent transfer; and

c) Granting such other and further relief as this Court deems just.

Dated: New York, New York
April 28, 2022

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By:  */s/ Fred Stevens*
Fred Stevens
Andrew C. Brown
200 West 41st Street, 17th Floor
New York, New York 10036-7203
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: fstevens@klestadt.com
abrown@klestadt.com

*Counsel to Plaintiff Fred Stevens, Chapter 7 Trustee*