**KLESTADT WINTERS JURELLER**  
**SOUTHARD & STEVENS, LLP**  
200 West 41st Street, 17th Floor  
New York, New York 10036  
Telephone: (212) 972-3000  
Facsimile: (212) 972-2245  
Fred Stevens  
Andrew C. Brown  

Hearing Date: January 24, 2023  
Hearing Time: 9:00 a.m. (EST)  

Objection Deadline: January 17, 2023, at 5:00 p.m. (EST)  

*Counsel to Plaintiff Fred Stevens, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                                           :
                                                                :   Chapter 7
JOSEPH A. BROWN,                                                :
                                                                :   Case No. 20-36251 (CGM)
                     Debtor.                                  :
----------------------------------------------------------------x
FRED STEVENS, as Chapter 7 Trustee of the Estate                :
of Joseph A. Brown,                                             :
                                                                :
                     Plaintiff,                               :
                                                                :   Adv. Pro. No. 22-09005-cgm
      -against-                                                :
                                                                :
WAYNE CORTS,                                                    :
                                                                :
                     Defendant.                               :
----------------------------------------------------------------x

**TRUSTEE'S MOTION FOR AN ORDER, PURSUANT TO FED. R. BANKR. P. 9019, APPROVING THAT CERTAIN SETTLEMENT AGREEMENT BY AND BETWEEN THE TRUSTEE AND WAYNE CORTS**

Fred Stevens (the "Trustee"), plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding") and Chapter 7 Trustee for the estate of Joseph A. Brown (the "Debtor"), by and through his counsel, Klestadt Winters Jureller Southard & Stevens, LLP, as and for his motion (the "Motion")[1] for an order, pursuant to Fed. R. Bankr. P. 9019, approving that certain

---
[1] Capitalized terms used but not immediately defined herein shall have the meanings ascribed to them elsewhere in the Motion.

settlement agreement (the "Stipulation") by and between (A) the Trustee, and (B) Wayne Corts, defendant in the Adversary Proceeding (the "Defendant") (parties to the Stipulation are collectively referred to herein as the "Parties," each a "Party"), respectfully sets forth as follows:

## PRELIMINARY STATEMENT

From 2005 to October of 2018 the Debtor was the owner of a luxury yacht. On or around October 3, 2018, the Debtor transferred his interest in the Yacht to the Defendant for $110,000. Subsequently, in or around July 2020, the Defendant sold his interest in the Yacht for $200,000. The Trustee viewed the Debtor's sale of the Yacht to the Defendant as a fraudulent transfer to the extent of the $90,000 profit realized from the sale. The Defendant denied liability for several reasons, including that: (i) the Defendant alleged to have invested more into the Yacht than was returned; (ii) the Trustee cannot prove that the value at the time of the transfer was not "reasonably equivalent" to what was paid; (iii) the Defendant claims to have been ignorant to the Debtor's debtor-creditor issues at the time of the transfer, and thus, took the Yacht in good faith; and (iv) the market for yachts improved substantially just prior to the Defendant's ultimate sale as a consequence to the Covid-19 pandemic.

As described more fully herein, rather than continue to litigate the matter, the Trustee and the Defendant have engaged in arms' length negotiations which have resulted in the Stipulation, a copy of which is attached hereto as **Exhibit "A"**. The Stipulation works to resolve all issues and disputes related to the Adversary Proceeding, subject to the Bankruptcy Court's approval. Specifically, the Stipulation provides for the: (i) Defendant's onetime payment of $20,000 to the Trustee, (ii) exchange of certain releases between the Parties, and (iii) consensual dismissal of the Adversary Proceeding. For the reasons set forth herein, the Trustee believes that the compromise embodied in the Stipulation is fair, reasonable, and in the best interest of the Debtor's estate.

Accordingly, the Trustee respectfully requests that this Court enter an order, in substantially the same form as that attached hereto as **Exhibit "B"** (the "Proposed Order"), approving the Stipulation.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334, and the "Amended Standing Order of Reference" of the United States District Court for the Southern District of New York (Preska, C.J.), dated January 31, 2012.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue of the case in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the relief requested herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

5. On December 29, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

6. On or about the Petition Date, Fred Stevens was appointed interim trustee of the Debtor's estate. On January 21, 2021, the Trustee presided over the first meeting of creditors in the Debtor's case pursuant to section 341(a) of the Bankruptcy Code, and the Trustee became the permanent Chapter 7 trustee herein by virtue of section 702(d) of the Bankruptcy Code.

7. On April 28, 2022, the Trustee commenced the Adversary Proceeding by filing a complaint against the Defendant seeking to avoid the transfer of the Debtor's interest in a certain 2005 Meridian Yacht 459 Cockpit Motor Yacht, ID Number MDNK2035K405 (the "Yacht") to the Defendant as actually and constructively fraudulent (the "Complaint").

3

8. On May 4, 2022, the Defendant filed an answer to the Complaint, denying the claims contained therein and asserting several affirmative defenses.

9. The Debtor purchased the Yacht in or around 2005 from MarineMax in North Carolina for approximately $400,000.

10. The Debtor transferred his interest in the Yacht to the Defendant on or around October 3, 2018, for $110,000.

11. The Defendant subsequently sold his interest in the Yacht in or around July 2020 for $200,000.

12. As set forth herein and in the Stipulation, the claims in the Complaint arise from the Debtor's sale of his interest in the Yacht to the Defendant.

## THE STIPULATION

13. The Stipulation is the result of good faith and arms' length negotiations between the Parties and seeks to settle and resolve all issues and disputes related to the Complaint and the Adversary Proceeding.

14. By way of summary, the Stipulation between the Parties provides for the following[2]:

➢ **Settlement Payment and Delivery**. Within ten (10) days of the Bankruptcy Court issuing an order approving this Stipulation, the Defendant shall pay the sum of twenty thousand ($20,000) dollars (the "Settlement Payment") to the Trustee by delivering a check to the Trustee at the following address: Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, Attn: Fred Stevens, and made payable to "Fred Stevens, as Chapter 7 Trustee of the estate of Joseph Brown".

➢ **Bankruptcy Court Approval Required**. The Stipulation between the Parties is subject in all respects to the approval of the Bankruptcy Court evidenced by the entry

---

[2] For ease of reference, the Trustee has included a summary of the terms of the Stipulation here. Parties are encouraged to review the entire Stipulation and not rely on the summary set forth herein. To the extent there is any express or implied conflict between the terms of the Stipulation and the description contained herein, the terms of the Stipulation shall control.

4

of a written order (an "Approval Order"). None of the Parties shall be bound by the provisions of the Stipulation unless and until the Bankruptcy Court enters the Approval Order, and the Approval Order becomes final and non-appealable (a "Final Order").

- **Conditions Precedent**. The terms of the Settlement shall become effective (the "Effective Date") upon satisfaction of the following conditions: (a) execution of the Stipulation by the Parties; (b) receipt and clearance of the Settlement Payment by the Trustee; and (c) the Approval Order becoming a Final Order.

- **Stipulation of Dismissal with Prejudice**. Within five (5) business days of the Effective Date, the Trustee's counsel shall file a stipulation of dismissal with prejudice of the Adversary Proceeding.

- **Release of Claims by the Trustee and the Debtor's Estate**. Upon the Effective Date, the Trustee on behalf of himself and on behalf of the Debtor and its estate, shall be deemed to have waived, set aside, discharged, settled, compromised, and released any and all claims (to be interpreted in the broadest manner possible), causes of action, rights and remedies he has, had or may have against the Defendant which arise from or otherwise relate to the Complaint and the Adversary Proceeding.

- **Release of Claims by the Defendant**. Upon the Effective Date the Defendant shall be deemed to have waived, set aside, discharged, settled, compromised, and released any and all claims (to be interpreted in the broadest manner possible), causes of action, rights and remedies he has, had or may have against the Trustee or the Debtor's estate which arise from or otherwise relate to the Complaint and the Adversary Proceeding.

- **No Third-Party Beneficiary Right**. The Stipulation is not intended to and shall not be construed to give any person, other than the Parties to this Stipulation, any interest, or rights, including, without limitation, any third-party beneficiary rights, with respect to or in connection with any agreement or provision contained herein.

## RELIEF REQUESTED

15. By this Motion, the Trustee requests entry of the Proposed Order, pursuant to Bankruptcy Rule 9019, approving the Stipulation.

## BASIS FOR RELIEF

16. Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). In ruling on a motion pursuant to Bankruptcy Rule 9019(a), the court must find that the proposed settlement is fair and equitable and is in the best interests of the estate. Protective Comm. for

5

Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968); Fischer v. Pereira (In re 47-49 Charles Street, Inc.), 209 B.R. 618, 620 (S.D.N.Y. 1997); In re Ionosphere Clubs, Inc., 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd 17 F.3d 600 (2d Cir. 1994); In re Fugazy, 150 B.R. 103 (Bankr. S.D.N.Y. 1993).

17. In order to reach such a decision, the Court must be apprised "of all facts necessary for an intelligent and objective opinion" of whether the claim will be successful, the likely expense, length and the degree of complexity of the litigation, the potential difficulties of collecting on a judgment "and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." TMT Trailer Ferry, 390 U.S. at 424.

18. To constitute a fair and equitable compromise or settlement, the Court must find that the settlement does not "fall below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W.T. Grant Co)., 699 F.2d 599, 608 (2d Cir. 1983); In re Drexel Burnham Lambert Group, Inc., 138 B.R. 723, 758-59 (Bankr. S.D.N.Y. 1992); In re Int'l Distribution Centers, Inc., 103 B.R. 420, 423 (Bankr. S.D.N.Y. 1989).

19. The Court should also consider the fair and reasonable course of action for the debtor's estate, with the limited available assets, giving consideration to the interests of creditors and the avoidance of burdening the estate with undue waste or needless or fruitless litigation. In re Del Grosso, 106 B.R. 165, 167-168 (Bankr. N.D. Ill. 1989); see also In re Culmtech, Ltd., 118 B.R. 237, 238 (Bankr. M.D. Pa. 1990); In re Lawrence & Erausguin, Inc., 124 B.R. 37, 38 (Bankr. N.D. Ohio 1990); In re Bell & Beckwith, 93 B.R. 569, 574-75 (Bankr. N.D. Ohio 1988).

20. The Court is not required conclusively to determine the merits of a claim subject to compromise or to find that a proposed settlement constitutes the best results obtainable to ensure that the settlement reaches the threshold of reasonableness. Instead, the Court should "canvass the

issues" to determine whether the proposed settlement is fair and equitable, is in the best interests of the estate and otherwise does not fall outside the range of reasonableness. In re Apex Oil Co., 92 B.R. 847, 867 (Bankr. E.D. Mo. 1988).

21. Here, the Trustee considered several factors in determining that entry into the Stipulation was in the best interest of the estate.

22. First, the Trustee and the Defendant engaged in negotiations in good faith, at arms' length, and were represented by counsel experienced in litigation and bankruptcy. As a result, the Parties were fully informed and advised with respect to the economic and legal implications of the resolution embodied in the Stipulation.

23. Second, the Trustee analyzed the circumstances giving rise to the claims against the Defendant and the probabilities of success should such claims be adjudicated on their merits. While the Trustee believes he would ultimately be successful at a trial, there are risks the Trustee has identified related to successfully carrying his burden of proof on certain of the claims contained in the Complaint. Specifically, the Trustee has considered the potential difficulty in satisfactorily proving the value of the Yacht at the time it was transferred to the Defendant. To that end, during the Adversary Proceeding the Trustee consulted with one potential expert who explained that it would be difficult to confidently ascribe an accurate value to the Yacht from a period of over four years ago.

24. The potential inability to provide an accurate valuation of the Yacht at the time it was transferred by the Debtor could work to prevent the Trustee from ultimately proving that the Defendant failed to provide fair consideration in exchange for the Yacht at the time of its transfer to him, an integral element of each of the Trustee's claims. Consequently, the Trustee believes

7

there is a significant benefit to sidestepping exposure to these potential evidentiary risks, resolving these issues quickly, and securing value for the estate without further work or litigation.

25. *Finally*, the Trustee has considered the expenses associated with continuing to litigate the Adversary Proceeding. Indeed, when considering the costs of fully litigating the claims in the Complaint, including the potential retention of one or more expert witnesses, the amount at issue in the Complaint may likely be dwarfed by the administrative costs of continued litigation. Consequently, it is in the best interests of the estate to resolve all issues related to the Trustee's claims as quickly and expeditiously as possible. The Stipulation accomplishes that.

26. Based on the foregoing, the Trustee respectfully submits that the Stipulation is fair and equitable, is in the best interest of the Debtor's estate, and is well above the lowest point in the range of reasonableness. Accordingly, the Trustee respectfully requests that the Court enter the Proposed Order approving the Stipulation.

## **NOTICE**

27. Notice of this Motion will be given in accordance with Bankruptcy Rule 2002. The Trustee submits that such notice constitutes good and sufficient notice and that no other or further notice need be given.

## **NO PRIOR REQUEST**

28. No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests entry of the Proposed Order and such other and further relief as the Court determines to be just and proper.

Dated:  New York, New York
        December 22, 2022

        **KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By:  */s/ Fred Stevens*
    Fred Stevens
    Andrew C. Brown
    200 West 41st Street, 17th Floor
    New York, New York 10036-7203
    Tel: (212) 972-3000
    Fax: (212) 972-2245
    Email: fstevens@klestadt.com
           abrown@klestadt.com

*Counsel to Plaintiff Fred Stevens, Chapter 7 Trustee*

# **<u>Exhibit A</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :
                                                               :   Chapter 7
JOSEPH A. BROWN,                                               :
                                                               :   Case No. 20-36251 (CGM)
                                    Debtor.                    :
---------------------------------------------------------------x
FRED STEVENS, as Chapter 7 Trustee of the Estate               :
of Joseph A. Brown,                                            :
                                                               :
                                    Plaintiff,                 :
                                                               :   Adv. Pro. No. 22-09005
            -against-                                          :
                                                               :
WAYNE CORTS,                                                   :
                                                               :
                                    Defendant.                 :
---------------------------------------------------------------x

## SETTLEMENT AGREEMENT

In this stipulation (the "Stipulation") (A) Fred Stevens (the "Trustee"), the Chapter 7 trustee of the estate of Joseph A. Brown (the "Debtor"), and (B) Wayne Corts (the "Defendant") (parties to the Stipulation are collectively referred to herein as the "Parties", each a "Party"), have agreed to resolve all issues concerning the above captioned adversary proceeding (the "Adversary Proceeding") according to the terms set forth below:

## RECITALS

A.  On December 29, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

B.  On or about the Petition Date, Fred Stevens was appointed interim trustee of the Debtor's estate. On January 21, 2021, the Trustee presided over the first meeting of creditors in the Debtor's case pursuant to section 341(a) of the Bankruptcy Code, and the Trustee became the permanent Chapter 7 trustee herein by virtue of section 702(d) of the Bankruptcy Code.

C.  In or around 2005, the Debtor purchased a 2005 Meridian Yacht 459 Cockpit Motor Yacht, ID Number MDNK2035K405 (the "Yacht"), from MarineMax in North Carolina for approximately $400,000.

D.  In or around October 3, 2018, the Debtor transferred his interest in the Yacht to Defendant for $110,000.

E.  On or around July 2020, Defendant sold his interest in the Yacht to Richard Pasiut for $200,000.

F.  On April 28, 2022, the Trustee commenced the Adversary Proceeding by filing a complaint against the Defendant seeking to avoid the transfer of the Debtor's interest in the Yacht to Defendant as actually and constructively fraudulent (the "Complaint").

G.  The Defendant denies the claims contained in the Complaint and expressly reserves all defenses thereto to the extent this Stipulation is not approved by the Bankruptcy Court.

H.  By this Stipulation, the Parties wish to settle and resolve all issues and disputes related to and arising from the Complaint and the Adversary Proceeding, according to the terms set forth below:

## AGREEMENT

**NOW THEREFORE**, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1.  Incorporation of Recitals. The foregoing recitals are hereby incorporated herein by reference and are expressly acknowledged and agreed to by the Parties.

2.  Settlement Payment and Delivery. Within ten (10) days of the Bankruptcy Court issuing an order approving this Stipulation as set forth in section 3 below, the Defendant shall pay

the sum of twenty thousand ($20,000) dollars (the "Settlement Payment") to the Trustee, by delivering a check to the Trustee at the following address: Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, Attn: Fred Stevens, and made payable to "Fred Stevens, as Chapter 7 Trustee of the estate of Joseph Brown".

3. Bankruptcy Court Approval Required. This Stipulation between the Parties is subject in all respects to the approval of the Bankruptcy Court evidenced by the entry of a written order (an "Approval Order"). The Trustee shall file a motion seeking an Approval Order by no later than two (2) weeks following the signing of this Stipulation by all Parties. None of the Parties shall be bound by the provisions of this Stipulation unless and until the Bankruptcy Court enters the Approval Order, and the Approval Order becomes final and non-appealable (a "Final Order").

4. Conditions Precedent. The terms of the Settlement shall become effective (the "Effective Date") upon satisfaction of the following conditions: (a) execution by the Parties of this Stipulation; (b) receipt and clearance of the Settlement Payment by the Trustee; and (c) the Approval Order by the Bankruptcy Court becoming a Final Order.

5. Stipulation of Dismissal with Prejudice. Within five (5) business days of the Effective Date, the Trustee's counsel shall file a stipulation of dismissal with prejudice of the Adversary Proceeding. The Defendant agrees and consents to the inclusion of its counsel's electronic signature on such stipulation as authorized by this Stipulation, provided it does not provide for anything other than the dismissal of this Adversary Proceeding with prejudice.

6. Release of Claims by the Trustee and the Debtor's Estate. Upon the Effective Date, the Trustee on behalf of himself and on behalf of the Debtor and its estate, shall be deemed to have waived, set aside, discharged, settled, compromised, and released any and all claims (to be interpreted in the broadest manner possible), causes of action, rights and remedies he has, had or

3

may have against the Defendant which arise from or otherwise relate to the Complaint and the Adversary Proceeding.

7.  Release of Claims by the Defendant. Upon the Effective Date the Defendant shall be deemed to have waived, set aside, discharged, settled, compromised, and released any and all claims (to be interpreted in the broadest manner possible), causes of action, rights and remedies he has, had or may have against the Trustee or the Debtor's estate which arise from or otherwise relate to the Complaint and the Adversary Proceeding.

8.  No Third-Party Beneficiary Rights. This Stipulation is not intended to and shall not be construed to give any person, other than the Parties to this Stipulation, any interest or rights, including, without limitation, any third-party beneficiary rights, with respect to or in connection with any agreement or provision contained herein.

9.  Entire Agreement/No Oral Modification. The Parties represent that this Stipulation constitutes the entire agreement among them in this matter and that this Stipulation may not be changed, modified or altered in any way or manner, except in writing, signed by the party against which such change, modification or alteration is sought to be enforced.

10. Execution in Counterparts. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Any signature delivered by a party via electronic transmission shall be deemed an original signature hereto.

11. Bankruptcy Court Jurisdiction. The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to this Stipulation, including, without limitation, for purposes of enforcing the terms and conditions of this Stipulation.

12. <u>No Waiver</u>. No failure or delay by either Party in exercising any right, power, or privilege under this Stipulation or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

13. <u>No Admissions</u>. No Party shall be deemed to have admitted to any wrongdoing, to any of the allegations set forth in any pleadings filed by the other Parties, or to having any liability to any other Parties, solely by virtue of having entered into this Stipulation.

14. <u>Representations of Authority</u>. The persons signing below each represents and warrants that he has the authority to enter into this Stipulation on behalf of the Party on whose behalf he so signs.

15. <u>Costs</u>. Each Party to this Stipulation shall bear its own attorneys' fees and costs.

*[Signature page follows]*

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed by their duly authorized representatives as of the date set forth below.

| | |
|---|---|
| Dated:  Middletown, New York<br>December 14, 2022 | Dated:  New York, New York<br>December 14, 2022 |
| **JOSEPH J. HASPEL, PLLC** | **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP** |
| By: */s/ Joseph Haspel*<br>Joseph Haspel<br>39 Casimer Road<br>Middletown, New York 10941<br>Tel: (845) 694-4409<br>Email: jhaspel@haspellaw.net<br><br>*Counsel to the Defendant, Wayne Corts* | By: */s/ Fred Stevens*<br>Fred Stevens<br>Andrew C. Brown<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>Telephone: (212) 972-3000<br>Facsimile: (212) 972-2245<br>Email: fstevens@klestadt.com<br>          abrown@klestadt.com<br><br>*Counsel to the Trustee, Plaintiff* |

# **<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                                           :
                                                                :    Chapter 7
JOSEPH A. BROWN,                                                :
                                                                :    Case No. 20-36251 (CGM)
                                        Debtor.                 :
----------------------------------------------------------------x
FRED STEVENS, as Chapter 7 Trustee of the Estate                :
of Joseph A. Brown,                                             :
                                                                :
                                        Plaintiff,              :
                                                                :    Adv. Pro. No. 22-09005-cgm
              -against-                                         :
                                                                :
WAYNE CORTS,                                                    :
                                                                :
                                        Defendant.              :
----------------------------------------------------------------x

**ORDER, PURSUANT TO FED. R. BANKR. P. 9019, APPROVING THE SETTLEMENT AGREEMENT BY AND BETWEEN THE TRUSTEE AND WAYNE CORTS**

Upon the motion (the "Motion") of Fred Stevens, plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding") and Chapter 7 Trustee (the "Trustee") for the estate of Joseph A. Brown, by and through his counsel, Klestadt Winters Jureller Southard & Stevens, LLP, for an order pursuant to Fed. R. Bankr. P. 9019, approving a certain settlement agreement (the "Stipulation") by and between (A) the Trustee, and (B) Wayne Corts, defendant in the Adversary Proceeding (parties to the Stipulation are collectively referred to herein as the "Parties"); and due and proper notice of the Motion and hearing thereon having been given to all creditors and parties in interest as required by Fed. R. Bankr. P. 2002; and the Court having considered the Motion at the hearing held on January 24, 2023, the record of which is incorporated herein by reference; and any objections to the Motion not already resolved or withdrawn having been overruled on the merits; and it appearing that no other or further notice need be provided; and the Court having

determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT**:

1. The Stipulation is approved and the Parties are fully authorized and directed to consummate the terms thereof.

2. This Court shall retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order and the Stipulation.